UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOAH SCHNITZMEYER,<br>    *Plaintiff*,<br><br>  *vs.*<br><br>THE FINISH LINE DISTRIBUTION, INC.,<br>    *Defendant*. | )<br>)<br>)<br>)<br>)  Case No. 1:15-cv-0430-JMS-DML<br>)<br>)<br>) |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Presently pending before the Court is Defendant Finish Line Distribution, Inc.'s ("Finish Line")[1] Motion to Dismiss. [Filing No. 13.] For the reasons that follow, the Court denies the motion.

**I.**
**BACKGROUND**

On March 16, 2015, Plaintiff Noah Schnitzmeyer filed a Complaint against Finish Line alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964. [Filing No. 1 at 1.] Mr. Schnitzmeyer filed the Complaint *pro se*. [Filing No. 1 at 1.] After filing the initial Complaint, Mr. Schnitzmeyer did not take steps to effectuate proper service upon Finish Line in accordance with Fed. R. Civ. P. 4. On March 19, 2015, this Court reminded Mr. Schnitzmeyer of his "responsibility to serve the defendant with process within 120 days of the filing of the complaint consistent with [Fed. R. Civ. P.] 4…." [Filing No. 3 at 1.]

---

[1] As discussed herein, Mr. Schnitzmeyer later filed an Amended Complaint which names the Defendant as "The Finish Line Distribution, Inc." [Filing No. 9.] Accordingly, the current and only defendant is "The Finish Line Distribution, Inc." For simplicity, however, the Court will refer to both Finish Line Distribution Center (the defendant named in the initial Complaint) and The Finish Line Distribution, Inc. (the defendant named in the Amended Complaint) as "Finish Line."

1

On June 3, 2015, Mr. Schnitzmeyer's attorneys filed their appearances. [Filing No. 4; Filing No. 5.] On June 15, 2015, ninety one days after Mr. Schnitzmeyer filed his *pro se* Complaint, Finish Line's Deputy General Counsel received correspondence from Mr. Schnitzmeyer referencing the filing of a lawsuit. [Filing No. 14 at 2.] The correspondence did not include a copy of the Complaint. [Filing No. 14 at 2.] On July 22, 2015, this Court ordered Mr. Schnitzmeyer to show cause why this matter should not be dismissed for failure to effectuate proper service. [Filing No. 7 at 1.] Mr. Schnitzmeyer responded to the Court's Order to Show Cause on July 28, 2015. [Filing No. 8 at 1.] In his response, Mr. Schnitzmeyer sought time to file and serve an Amended Complaint, as he had retained counsel. [Filing. No. 8 at 1.] Mr. Schnitzmeyer also filed his Amended Complaint that day. [Filing No. 9.] On July 30, 2015, the Court discharged its Order to Show Cause and granted Mr. Schnitzmeyer leave to file an Amended Complaint (which he had already filed with his Response to the Order to Show Cause). [Filing No. 10.]

Finish Line filed the pending Motion to Dismiss for insufficient service of process on August 21, 2015. [Filing No. 13.] Mr. Schnitzmeyer filed a proposed summons to Finish Line on September 3, 2015, which the Clerk issued on September 4, 2015. [Filing No. 15; Filing No. 17.] On September 15, 2015, Mr. Schnitzmeyer filed a second proposed summons to Finish Line, which the Clerk issued on September 16, 2015. [Filing No. 19; Filing No. 20.] It appears that Finish Line was served with the Amended Complaint, because it filed a Notice of Initial Enlargement of Time to Answer or Otherwise Plead on October 5, 2015, advising the Court that it was using an initial 28-day enlargement of time to answer or otherwise plead, presumably to the Amended Complaint. [Filing No. 21.]

## II.
### DISCUSSION

In Finish Line's Brief in Support of its Motion to Dismiss, Finish Line argues that Mr. Schnitzmeyer failed to properly serve his initial Complaint within 120 days in accordance with Fed. R. Civ. P. 4(m), thus requiring dismissal for insufficient service of process under Fed. R. Civ. P. 12(b)(5). [Filing No. 14 at 4.] Finish Line also argues that Mr. Schnitzmeyer had not taken any steps to serve his Amended Complaint, which also had to be served within 120 days of the filing of the original Complaint under Fed. R. Civ. P. 4(m). [Filing No. 14 at 4.]

In response, Mr. Schnitzmeyer points to the fact that he filed the original Complaint *pro se,* and has since retained counsel and filed an Amended Complaint. [Filing No. 16 at 1.] Mr. Schnitzmeyer also argues that he has attempted to effectuate service upon Finish Line, but has been unsuccessful due to his counsel's unfamiliarity with initiating proceedings in this Court. [Filing No. 16 at 1.] Finally, Mr. Schnitzmeyer notes that 120 days have not elapsed since the filing of his Amended Complaint. [Filing No. 16 at 2.]

On reply, Finish Line acknowledges that Mr. Schnitzmeyer has taken some steps to effectuate service of process, but also notes that 171 days have passed since the filing of the original Complaint. [Filing No. 18 at 1]. Finish Line argues that because the deadline for effectuating service under Fed. R. Civ. P. 4 has passed, Mr. Schnitzmeyer must demonstrate "good cause" why his complaint should not be dismissed, and has failed to do so. [Filing No. 18 at 1-2.]

Fed. R. Civ. P. 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period…." Additionally, however, "District court judges, because of

the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." *Gonzalez v. Ingersoll Mill. Mach. Co.*, 133 F.3d 1025, 1030 (7th Cir. 1998) (quoting and citing United States v. Reed, 2 F.3d 1441 (7th Cir.1993), *cert. denied*, 510 U.S. 1079, 114 S.Ct. 898, 127 L.Ed.2d 90 (1994)).

Here, Mr. Schnitzmeyer originally filed his Complaint against Finish Line *pro se*. Shortly after retaining counsel, Mr. Schnitzmeyer took positive steps toward moving the litigation forward: he contacted Finish Line regarding the pending lawsuit; he moved to amend his Complaint; and he has since made good faith attempts to effectuate proper service upon Finish Line. Indeed, it appears that his efforts to serve Finish Line with the Amended Complaint have succeeded, given Finish Line's filing of its Notice of Enlargement of Time to Answer or Otherwise Plead, [Filing No. 21], filed after the Motion to Dismiss was fully briefed.

In its discretion, the Court recognizes that Mr. Schnitzmeyer's delay in serving the Complaint was partially due to the fact that Mr. Schnitzmeyer was proceeding *pro se* at that point in the litigation. Because Mr. Schnitzmeyer was proceeding *pro se*, the Court will provide some leniency as to the deadlines imposed by Fed. R. Civ. P. 4(m). *See Patterson v. Brady*, 131 F.R.D. 679, 683 (S.D. Ind. 1990) ("In the Seventh Circuit the district courts are required to be lenient with *pro se* litigants and to ensure that justice is done on the merits rather than on the basis of procedural technicalities wherever possible"). The Court also recognizes that Mr. Schnitzmeyer's counsel began taking positive steps to effectuate service shortly after they entered appearances, and notes that it now appears that service has been made as shown by Finish Line's filing of its Notice of Enlargement of Time. While the Court finds Finish Line's arguments in favor of dismissal have some merit, the Court denies Finish Line's Motion to Dismiss in its discretion. *See Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002) ("the case law allows the

district court to extend the time for service even if there was no good cause for the plaintiff's missing the deadline").

The Court cautions Mr. Schnitzmeyer's counsel, however, that they have now had more than enough time to familiarize themselves with this matter and with the rules of this Court. The Court expects that Mr. Schnitzmeyer will comply with all rules and deadlines going forward.

### III.
### CONCLUSION

For the foregoing reasons, Finish Line's Motion to Dismiss, [Filing No. 13], is **DENIED**. The Court notes that Finish Line states in its briefs in support of the Motion to Dismiss that its proper name is "The Finish Line, Inc." The parties are **ORDERED** to confer regarding the proper name of the Defendant and, if appropriate, Mr. Schnitzmeyer should take the necessary steps to correct the name of the Defendant.

Date: October 26, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**